# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:23-cr-195-2 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | James E. Grimes, Jr. |
| SHERMAN THOMAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

The United States seeks leave to file a supplement to its trial brief under seal. (ECF No. 178.) For the following reasons, the Court **GRANTS** the motion and **ORDERS** the United States to file those documents under seal pursuant to Local Rule 49.4 and this Order.

## LEGAL STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Although *Shane Group* was a civil case involving a class action

settlement, its reasoning also applies in the criminal context. *See,* e.g., *United States v. Campbell*, No. 1:19-cr-25, 2021 WL 1975319, at *3 (S.D. Ohio May 18, 2021) (collecting cases).

The Court bears an independent obligation to explain the basis for sealing court records, and that obligation exists regardless of any agreement or disagreement among the parties about sealing the records. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). Taking up this independent obligation, district courts must weigh the interest of the parties, on the one hand, to keep information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted).

"The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 701 F.2d at 1179). In the criminal context, the presumption of openness provides "notice of the type of conduct that could lead to criminal liability" and "serves to control for corruption and incompetence." *Campbell*, 2021 WL 1975319, at *3. Overcoming this presumption is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify sealing. *See id.*

To demonstrate a seal is necessary, the party seeking confidentiality must provide a "compelling reason why certain documents or portions thereof should be

sealed." *Id.* at 305 (citation and quotation omitted). Further, the "seal itself must be narrowly tailored to serve that reason." *Id.* at 305. Accordingly, the movant must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. *Id.* at 305–06 (citation and quotation omitted). It is then incumbent on the Court to review each document and the legal rationales the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). In civil litigation, the most common categories of information that overcome this presumption include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308. But these principles apply to criminal cases as well. *See, e.g.*, *Campbell*, 2021 WL 1975319, at *3 (collecting cases).

## DISCUSSION

The United States seeks to file under seal additional documentation supporting its trial brief because the documentation "references sensitive, non-public information." (ECF No. 178, PageID #3136.) Based on its review of the United States's trial brief, the Court concludes that there is a basis for crediting that assertion. The interest of ensuring non-parties' access to sensitive investigatory information is significantly less than that in *Shane Group*, which involved the sealing of information necessary for unnamed class members to evaluate a class action settlement that bound them. 825 F.3d at 302.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States's motion to seal its forthcoming supplement.

**SO ORDERED.**

Dated: June 19, 2024

                                                             J. Philip Calabrese
                                                             United States District Judge
                                                             Northern District of Ohio