UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:23-cr-195-2 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| SHERMAN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

On Friday, June 20, 2025, Defendant Sherman Thomas had his stand-by counsel deliver to the Court for filing a motion for disqualification under 28 U.S.C. § 455. Mr. Thomas's supporting affidavit was notarized on June 16, 2025. A jury trial is scheduled to begin on Monday, June 23, 2025.

As relevant here, federal law mandates disqualification of a judge in two circumstances: (1) "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a); or (2) "[w]here he has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

Under Section 455(a), judges apply an objective standard to determine whether to recuse. In other words, the question is not whether a judge may preside impartially, but whether a reasonable person might question a judge's impartiality. *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (citation omitted). This objectively reasonable person "is not a judge, because judges, keenly aware of the obligation to decide matters impartially, may regard asserted conflicts to be more

innocuous than an outsider would." *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 578 F. Supp. 3d 1011, 1019 (E.D. Ark. 2022). At the same time, this well informed, thoughtful observer is not hypersensitive or unduly suspicious and has "knowledge of all the facts." *Adams*, 722 F.3d at 837; *see also In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990). Put simply, "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quotation omitted).

Regarding Section 455(b), a successful challenge based on personal bias or prejudice demands "such a high degree of favoritism or antagonism as to make fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 555 (1994). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" are not enough. *Id.* at 555–56. Nor are "'hostile' comments." *Parker*, 837 F. App'x 341, 347 (quoting *Liteky*, 510 U.S. at 555). "[C]laims of bias based on opinions formed during current or prior proceedings face an 'uphill battle.'" *Id.* at 346 (quoting *Burley v. Gagacki*, 834 F.3d 606, 616).

Applying these standards, the record contains no grounds that support disqualification. To support his motion, Mr. Thomas pulls cherry-picked sound bites and examples taken out of context from various transcripts to suggest that the undersigned harbors bias against him. Even then, he has little to work with. Nothing he quotes suggests that the undersigned harbors any bias or prejudice against Mr. Thomas on any basis. Mr. Thomas points to occasions where he disrupted

2

proceedings, acted disrespectfully, or attempted to depart from the business at hand. He has no right to do such things. And the Court has the right to maintain the dignity and solemnity of the proceedings before it and to ensure proper decorum. In each case to which Mr. Thomas points, the Court gave him the opportunity to make a record, notwithstanding his contumely. The fact that Mr. Thomas says, for example, that the undersigned raised his voice does not mean it happened. Even so, "expressions of . . . anger" are not enough. *Liteky*, 510 U.S. at 555–56.

Even if the record suggests that the undersigned harbors any bias against Mr. Thomas (though he does not), disqualification is still not required. Each instance to which Mr. Thomas points occurred during the proceedings. Such claims face an "uphill battle." *Burley*, 834 F.3d at 616. The record presented falls far short of meeting that high standard.

Further, disqualification is not necessary out of an abundance of caution based on Mr. Thomas' complaint. Unwarranted disqualification comes at a cost. *Arkansas State Conf. NAACP*, 578 F. Supp. 3d at 1024. It allows litigants to "manipulat[e] the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) (Breyer, J.). Fairness dictates that litigants live with the judge randomly assigned to hear their case, unless the law requires recusal. *Arkansas State Conf. NAACP*, 578 F. Supp. 3d at 1016. After all, litigants are not entitled to judges of their choosing. *In re City of Detroit*, 828 F.2d 1160, 1167 (6th Cir. 1987) (quotation omitted).

At bottom, the timing of his motion shows exactly what Mr. Thomas is up to, and it will not work. For all these reasons, the Court declines to disqualify under Section 455 and, therefore, **DENIES** Defendant's motion to recuse.

**SO ORDERED.**

Dated: June 21, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4